IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAUN BROOKS, individually and on behalf of surviving heirs, and in his capacity of duty appointed Administrator of the Estate of CYNTHIA ELAINE MIXON, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 5:16-CV-00123-LJA |
| v. | ) ) | |
| WILKINSON COUNTY, GEORGIA, by and through MARK DUPREE, in his representative capacity as Chairman of the Wilkinson County, Georgia Board of Commissioners and Deputy "BUSTER" KING, individually and in his official capacity, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT BY WILKINSON COUNTY AND CAPTAIN THOMAS "BUSTER" KING IN HIS OFFICIAL CAPACITY

COME NOW Wilkinson County, Georgia ("Wilkinson County") and Captain Thomas "Buster" King ("Captain King") in his official capacity, named defendants in the above-styled action and, by and through counsel, hereby file this, their Motion to Dismiss In Part Plaintiff's Complaint and show the Court as follows:

### Factual Background

Plaintiff Shaun Brooks, individually and in his capacity as administrator of the estate of Cynthia E. Mixon (hereinafter "Plaintiff") filed suit on March 31, 2016, alleging claims under Georgia law against Wilkinson County and Captain King. ECF No.1. Plaintiff also alludes to an Eighth Amendment constitutional claim pursuant to 42 U.S.C. § 1983 in the complaint's first

paragraph but does not include any specific allegations anywhere else in the complaint.[1]  Id. Specifically, Plaintiff alleges Ms. Mixon suffered a seizure while in the custody of the Wilkinson County Sheriff and subsequently died a few hours later at Oconee Regional Medical Center.  Id. at ¶¶ 10-13.  Plaintiff appears to claim Defendant Wilkinson County is a proper party by claiming jail employees, the contracted jail physician, and Captain King are employees of Wilkinson County. Id. at ¶¶ 16, 20, 24.[2]  Plaintiff further alleges that Captain King is liable in his official capacity, although Plaintiff provides no factual allegations or precedent for such claims.

### Argument and Citation of Authority

**I. Motion to Dismiss Standard.**

In considering a motion to dismiss, the allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).  However, "'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).  Additionally, "the court is not required to accept a plaintiff's legal conclusions" as fact.  Id.

Therefore, the possibility that a defendant acted unlawfully is not sufficient to survive a motion to dismiss.  Id. at 1261.  Instead, the "[f]actual allegations must be enough to raise a right

---

[1] The Eighth Amendment's prohibition against cruel and unusual punishment governs a prisoner's claim that a prison official used excessive force. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir.1999). Claims involving the mistreatment of arrestees or pretrial detainees in custody, such as Ms. Mixon, are governed by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir.2005). Because the applicable standard is the same, however, courts apply Eighth Amendment case law to cases involving arrestees and pretrial detainees. Id.

[2] Employees of constitutionally elected officers, such as the Sheriff of a Georgia county, are considered employees of the elected officer and not employees of the county.  Boswell v. Bramlett, 549 S.E.2d 100, 101 (Ga.App. 2001); Warren v. Walton, 231 Ga. 495, 498-500, 202 S.E.2d 405 (1973); Mobley v. Polk County, 242 Ga. 798, 251 S.E.2d 538 (1979).

to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). Finally, a complaint may be dismissed for failure to state a claim upon which relief may be granted when it appears that the plaintiff can prove no set of facts which would entitle him to relief. Ramsey, 312 F.3d at 1225. As set forth below, Plaintiff in this matter cannot point to any set of facts which would entitle him to relief against Wilkinson County or Captain King in his official capacity.

II.     **The official capacity claims against Captain King are duplicative of Plaintiff's claims against Wilkinson County and must be dismissed.**

The Eleventh Circuit has held that "[t]here no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir.1991)). Because the lawsuit against Captain King in his official capacity is actually a lawsuit against Wilkinson County, and Plaintiff has also sued the County, all of the official-capacity claims against Captain King are subject to dismissal. Robinson v. Integrative Det. Health Servs., No. 3:12–CV–20 (CAR), 2014 WL 1314947, at *12 (M.D.Ga. Mar. 28, 2014) (dismissing official capacity claim against Sheriff as duplicative of the plaintiff's claim against the County). Because Wilkinson County is a named party to this action, the official capacity claims against Captain King must be dismissed as a matter of law.[3]

III.    **Wilkinson County is not a proper party and must be dismissed.**

A county or municipality is only liable under 42 U.S.C. § 1983 for those "acts for which the county is actually responsible." City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Marsh v. Butler County, 268 F.3d 1014, 1027

---

[3] This is so even though the claims pled against the county are subject to dismissal on other grounds. Id.

(11th Cir.2001) (en banc).   A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents; rather, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. Monell v. Dept. of Social Servs. Of the City of New York, 436 U.S. 658 (1978) at 694-95. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403-04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404. Thus, in order for Wilkinson County to be held responsible for any violation of the plaintiff's constitutional rights, the violation must have been caused by the county's policy or custom.

Plaintiff only asserts that Wilkinson County is liable to Plaintiff because it is "liable for its employees' negligence under applicable agency and 'color of law' principles." ECF No. 1, ¶ 26. This conclusory allegation is not supported by precedent and does not establish or even mention any policy or custom.  Further, Plaintiff's allegations are unique to the decedent and do not support that similarly situated pre-trial detainees have suffered any similar constitutional violations as a policy of Wilkinson County.  See generally ECF No. 1; see also McDaniel v. Yearwood, 2012 WL 526078 (N.D.Ga. Feb. 16, 2012) (granting motion to dismiss filed by Barrow County where Plaintiff could not point to any county policy to support his claim of deprivation of medical treatment and only provided facts which "pertain to his experience alone

4

and not to that of any similarly situated person."). Finally, Plaintiff does not even allege that Captain King was a "policymaker" for the county—and even if Plaintiff did, that allegation would be subject to dismissal as a matter of law. See O.C.G.A. § 42-4-4(a)(2) ("It shall be the duty of the sheriff…[t]o furnish persons confined in the jail with medical aid…"). Although decisionmaking can be delegated to a subordinate, the Eleventh Circuit has "strictly interpreted 'Monell's policy or custom requirement to preclude § 1983 liability for a subordinate official's decisions when the final policymaker delegates decisionmaking discretion to the subordinate, but retains the power to review the exercise of that discretion.' " Scala v. City of Winter Park, 116 F.3d 1396, 1399 (11th Cir.1997)).

Therefore, Wilkinson County cannot be held liable for any actions, negligent or otherwise, of Captain King and the claims against Wilkinson County must be dismissed as a matter of law.[4]

### IV. Even if the official capacity claims against Captain King were proper, the state law claims against him in his official capacity are barred by Plaintiff's failure to comply with Georgia's ante litem statute.

Georgia statutory law requires that a plaintiff present notice to the county of a claim within twelve (12) months of the accrual of that claim. See O.C.G.A. § 36-11-1. If this notice is not provided within the twelve (12) month period, the plaintiff's claim is barred. Id. Courts have repeatedly held that the purpose of this statute is to provide the county notice of the grievance and an opportunity to investigate the claim before suit. Burton v. DeKalb County, 202 Ga.App. 676, 677 (1992). Substantial compliance with the requirements of O.C.G.A. § 36-11-1

---

[4] Even if Plaintiff was to claim that Wilkinson County had knowledge of jail policies and failed to intervene, the claim would still fail. A similar claim against Houston County was before this Court in 2010. Robinson v. Houston County, 2010 WL 2464901 (M.D. Ga. June 14, 2010). There, the plaintiff contended "Houston County negligently retained and supervised the Sheriff after having knowledge of his policies on screening, monitoring, and protecting suicidal detainees," and the Court rejected that argument, dismissing all claims against the county.

is sufficient to provide notice of a claim to a county. City of Columbus v. Barngrover, 250 Ga. App. 589, 596 (2001). An oral statement of a claim or claims is not sufficient. Doyal v. Dept. of Transp., 142 Ga. App. 79, 80 (1977). Formal, written notice is required. Id. "The fact that the County's liability insurer may have taken investigation of the case does not constitute the presentation of the claim to the County as required by [O.C.G.A. § 36-11-1]." Cobb v. Board of Com'rs of Roads & Rev. of Tift County, 151 Ga. App. 472 (1979). In light of the substantial notice standard, notice may also be provided through a complaint filed within the twelve (12) month period and properly served upon the county. Id.

The underlying action occurred on January 27-30, 2015. ECF No. 1, ¶¶ 2, 12. As such, notice was required to be served on Sheriff Chatman, as Captain King's employer and the policymaker for the Wilkinson County Jail on or before January 30, 2015. It is undisputed that Plaintiff, on or about April 15, 2015, served the Wilkinson County Board of Commissioners with notice. See notice, attached hereto as Exhibit 1. However, for an action to be sustained against Captain King in his official capacity, the Sheriff too must be served with an ante litem notice within one year of the incident. See O.C.G.A. § 36-11-1; Hammond v. Gordon Co., 316 F.Supp.2d 1262, 1292 (2007) (suit against Sheriff's employee in official capacity fails without required notice). As such, the claims against Captain King in his official capacity are not sustainable without the ante litem notice. See Columbia Co. v. Branton, 304 Ga.App. 149, 152 (2010) (ante litem notice was served upon county after expiration of statutory period and was never served upon sheriff as required); Conley v. Dawson, 257 Ga.App. 665, 667 (2002) (suit against police officer in official capacity was the same as a suit against a municipality and, thus, required service of notice).

Strikingly similar to this matter, in Columbia Co. v. Branton, supra, the plaintiff filed suit against both Columbia County, Georgia, and the Sheriff of Columbia County in his official capacity regarding wrongful death claims stemming from a deputy's involvement with an automobile collision.  Columbia County moved for summary judgment based on the plaintiff's failure to provide ante litem notice but the trial court found that the time for filing had been tolled based on O.C.G.A. §§ 9-3-96 and 9-3-99.  Id. at 151.  Columbia County appealed.  Id.  There, in a response to a supplemental brief, the plaintiff for the first time argued that, in addition to his assertion that the ante litem statute was tolled against the county, a suit against a sheriff does not require an ante litem notice.  Id.  The Court *specifically held* that claims against a Sheriff in his official capacity are "not sustainable without the ante litem notice."  Id.  (emphasis added.)

As O.C.G.A. § 36-11-1 specifically requires ante litem notice be served upon the sheriff in a suit against him in his official capacity, and as Plaintiff failed to do so, his claims against Captain King must fail as a matter of law.

## CONCLUSION

WHEREFORE, for the reasons set forth above and for such other reasons as may be apparent to this Court, this motion should be granted, with Plaintiff's Complaint dismissed with prejudice as to Wilkinson County and as to the official capacity claims against Captain King.  The only remaining claims should be those asserted against Captain King in his individual capacity, which will be the subject of a motion for summary judgment.  All costs should be taxed against Plaintiff.

This 10th day of June, 2016.

{Signature on following page.}

Respectfully submitted,

**BUCKLEY CHRISTOPHER & HAFF, P.C.**

/s/ Taylor W. Hensel

_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
TAYLOR W. HENSEL
Georgia Bar No. 572754
Attorneys for Defendants

2970 Clairmont Road, N.E.
Suite 650
Atlanta, GA 30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
thensel@bchlawpc.com

**CERTIFICATE OF SERVICE**

This is to certify that on this date I served the foregoing document upon all parties by filing with the CM/ECF system of the United States District Court which sends automatic notification to all attorneys of record.

This 10th day of June, 2016.

                                      Respectfully submitted,

                                      **BUCKLEY CHRISTOPHER & HAFF, P.C.**

                                      /s/ Taylor W. Hensel

                                      _____
                                      TIMOTHY J. BUCKLEY III
                                      Georgia State Bar No. 092913
                                      TAYLOR W. HENSEL

2970 Clairmont Road, N.E.        Georgia Bar No. 572754
Suite 650                                    Attorneys for Defendants
Atlanta, GA 30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
thensel@bchlawpc.com